**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sherman SHAW, Defendant–Appellant.**

No. 04–30390.

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Sept. 27, 2004.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

George M. Snellings, IV, Nelson, Zentner, Sartor & Snellings, Monroe, LA, for Defendant–Appellant.

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Sherman Shaw appeals from his sentence following a guilty plea conviction for the misdemeanor of taking or attempting to take doves with a gun capable of holding more than three shells, in violation of the Migratory Bird Treaty Act, 16 U.S.C. § 703, and 50 C.F.R. § 20.21(b). The magistrate judge sentenced Sherman pursuant to the court's authority under 18 U.S.C. § 3402 to one year of probation, a $300 fine, and a $10 special assessment. As a special condition of probation, the magistrate judge ordered that Shaw's hunting privileges were suspended during the probationary term. The district court affirmed the MJ's sentence.

Shaw argues that the imposition of probation and the loss of his hunting privileges are inherently unfair. Shaw faced a maximum sentence of six months in prison, a $15,000 fine, or both. *See* 16 U.S.C. § 707. Shaw admitted at his rearraignment that he knowingly violated the requirements of 16 U.S.C. § 703 and 50 C.F.R. § 20.21(b). We conclude that the MJ's sentence was not plainly unreasonable or an abuse of discretion. *See United States v. Sandle*, 123 F.3d 809, 810 (5th Cir.1997); *United States v. Merritt*, 639 F.2d 254, 256 (5th Cir.1981); 18 U.S.C. § 3742(a)(4).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4: